UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAVID KEITH,

            Plaintiff,

    v.

BCSFM, LLC.,

            Defendant.

No.  2:18-CV-02273-TLN-EFB

**AMENDED** PRETRIAL SCHEDULING ORDER

After reviewing the parties' Joint Status Report, the Court hereby amends the Pretrial Scheduling Order.

I.    SERVICE OF PROCESS

All named Defendants have been served and no further service is permitted without leave of court, good cause having been shown.

II.    ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

No joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown.

III.    JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1332(a) – (c). Venue is not disputed.

IV.    DISCOVERY

All discovery, with the exception of expert discovery, shall be completed by **July 14, 2023**.  In this context, "completed" means that all discovery shall have been conducted so that all

1

1   depositions have been taken and any disputes relative to
2   discovery shall have been resolved by appropriate order if
3   necessary and, where discovery has been ordered, the order has
4   been obeyed.  All motions to compel discovery must be noticed on
5   the magistrate judge's calendar in accordance with the local
6   rules of this Court.

7       Any request to deviate from the Federal Rules of Civil
8   Procedure should be made to the assigned Magistrate Judge.

9       V.    <u>DISCLOSURE OF EXPERT WITNESSES</u>

10      All counsel are to designate in writing, file with the
11  Court, and serve upon all other parties the name, address, and
12  area of expertise of each expert that they propose to tender at
13  trial not later than **August 14, 2023.**[1]  The designation shall be
14  accompanied by a written report prepared and signed by the
15  witness.  The report shall comply with Fed. R. Civ. P.
16  26(a)(2)(B).

17      Within twenty (20) days after the designation of expert
18  witnesses, any party may designate a supplemental list of expert
19  witnesses who will express an opinion on a subject covered by an
20  expert designated by an adverse party.

21      The right to designate a supplemental expert for rebuttal
22  purposes only shall apply to a party who has not previously
23  disclosed an expert witness on the date set for expert witness
24  disclosure by this Pretrial Scheduling Order.

25      Failure of a party to comply with the disclosure schedule as
26  set forth above in all likelihood will preclude that party from

27  _____
    [1] The discovery of experts will include whether any motions based on <u>Daubert</u>
28  <u>v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) and/or <u>Kumho Tire</u>
    <u>Co. v. Carmichael</u>, 119 S. Ct. 1167 (1999) are anticipated.

                                    2

calling the expert witness at the time of trial.  An expert
witness not appearing on the designation will not be permitted to
testify unless the party offering the witness demonstrates: (a)
that the necessity for the witness could not have been reasonably
anticipated at the time the list was proffered; (b) that the
Court and opposing counsel were promptly notified upon discovery
of the witness; and (c) that the witness was promptly made
available for deposition.

For purposes of this Pretrial Scheduling Order, an "expert"
is any person who may be used at trial to present evidence under
Rules 702, 703, and 705 of the Federal Rules of Evidence, which
include both "percipient experts" (persons who, because of their
expertise, have rendered expert opinions in the normal course of
their work duties or observations pertinent to the issues in the
case) and "retained experts" (persons specifically designated by
a party to be a testifying expert for the purposes of
litigation).

Each party shall identify whether a disclosed expert is
percipient, retained, or both.  It will be assumed that a party
designating a retained expert has acquired the express permission
of the witness to be so listed.

Parties designating percipient experts must state in the
designation who is responsible for arranging the deposition of
such persons.

All experts designated are to be fully prepared at the time
of designation to render an informed opinion, and give their
bases for their opinion, so that they will be able to give full
and complete testimony at any deposition taken by the opposing

1  party.  Experts will not be permitted to testify at the trial as

2  to any information gathered or evaluated, or opinion formed,

3  after deposition taken subsequent to designation.

4      Counsel are instructed to complete all discovery of expert

5  witnesses in a timely manner in order to comply with the Court's

6  deadline for filing dispositive motions.

7      VI.   SUPPLEMENTAL DISCOVERY

8      Pursuant to Federal Rule of Civil Procedure 26(e), the

9  parties shall exchange any supplemental disclosures and responses

10  (including expert supplemental materials) no later than thirty

11  (30) days prior to the dispositive motion hearing date.  Any

12  supplemental disclosures and responses necessary after that date

13  will require leave of Court good cause having been shown.

14      VII.  MOTION HEARING SCHEDULE

15      All dispositive motions, except motions for continuances,

16  temporary restraining orders or other emergency applications,

17  shall be filed no later than **November 14, 2023.**

18      All purely legal issues are to be resolved by timely

19  pretrial motions.  Local Rule 230 governs the calendaring and

20  procedures of civil motions with the following additions:

21      (a) The opposition and reply must be filed by 4:00 p.m. on

22          the day due; and

23      (b) When the last day for filing an opposition brief falls

24          on a legal holiday, the opposition brief shall be filed

25          on the last court day immediately preceding the legal

26          holiday.

27      Failure to comply with Local Rule 230(c), as modified by

28  this order, may be deemed consent to the motion and the court may

4

1    dispose of the motion summarily. Further, failure to timely

2    oppose a summary judgment motion[2] may result in the granting of

3    that motion if the movant shifts the burden to the nonmovant to

4    demonstrate that a genuine issue of material fact remains for

5    trial.

6         The Court places a page limit for points and authorities

7    (exclusive of exhibits and other supporting documentation) of

8    twenty (20) pages on all initial moving papers, twenty (20) pages

9    on oppositions, and ten (10) pages for replies.  All requests for

10   page limit increases must be made in writing to the Court setting

11   forth any and all reasons for any increase in page limit at least

12   fourteen (14) days prior to the filing of the motion.

13        For the Court's convenience, citations to Supreme Court

14   cases should include parallel citations to the Supreme Court

15   Reporter.

16        The parties are reminded that a motion in limine is a

17   pretrial procedural device designed to address the admissibility

18   of evidence.  The Court will look with disfavor upon

19   dispositional motions presented in the guise of motions in

20   limine.

21        The parties are cautioned that failure to raise a

22   dispositive legal issue that could have been tendered to the

23   court by proper pretrial motion prior to the dispositive motion

24   cut-off date may constitute waiver of such issue.

25   ///

26   ///

27   _____

     [2] The Court urges any party that contemplates bringing a motion for summary
28   judgment or who must oppose a motion for summary judgment to review Local Rule
     260.

1    VIII.  <u>TRIAL SETTING</u>

2          The parties are ordered to file a Joint Notice of Trial

3    Readiness not later than thirty (30) days after receiving this

4    Court's ruling(s) on the last filed dispositive motion(s).  If

5    the parties do not intend to file dispositive motions, the

6    parties are ordered to file a Joint Notice of Trial Readiness not

7    later than one hundred twenty (120) days after the close of

8    discovery and the notice must include statements of intent to

9    forgo the filing of dispositive motions.

10          The parties are to set forth in their Notice of Trial

11    Readiness, the appropriateness of special procedures, their

12    estimated trial length, any request for a jury, their

13    availability for trial, and if the parties are willing to attend

14    a settlement conference.  The parties' Notice of Trial Readiness

15    Statement shall also estimate how many court days each party will

16    require to present its case, including opening statements and

17    closing arguments.  The parties' estimate shall include time

18    necessary for jury selection, time necessary to finalize jury

19    instructions and instruct the jury.

20          After review of the parties' Joint Notice of Trial

21    Readiness, the Court will issue an order that sets forth dates

22    for a Final Pretrial Conference and Trial.

23    IX.  <u>SETTLEMENT CONFERENCE</u>

24          The parties may request a settlement conference prior to the

25    Final Pretrial Conference if they feel it would lead to the

26    possible resolution of the case.  In the event a settlement

27    conference date is requested, the parties shall file said request

28    jointly, in writing.  The request must state whether the parties

6

1   waive disqualification, pursuant to Local Rule 270(b), before a

2   settlement judgment can be assigned to the case.  Absent the

3   parties' affirmatively requesting that the assigned Judge or

4   Magistrate Judge participate in the settlement conference AND

5   waiver, pursuant to Local Rule 270(b), a settlement judge will be

6   randomly assigned to the case.

7        In the event a settlement conference is set by the Court,

8   counsel are instructed to have a principal with full settlement

9   authority present at the Settlement Conference or to be fully

10  authorized to settle the matter on any terms.  At least seven (7)

11  calendar days before the settlement conference, counsel for each

12  party shall submit to the chambers of the settlement judge a

13  confidential Settlement Conference Statement.  Such statements

14  are neither to be filed with the Clerk nor served on opposing

15  counsel.  Each party, however, shall serve notice on all other

16  parties that the statement has been submitted.  If the settlement

17  judge is not the trial judge, the Settlement Conference Statement

18  shall not be disclosed to the trial judge.

19       X.   COURTESY COPIES

20       No party shall submit paper courtesy copies of pleadings or

21  exhibits to the Court unless expressly ordered to do so.

22       XI.  VOLUNTARY DISPUTE RESOLUTION PROGRAM

23       Pursuant to Local Rule 271, parties may stipulate at any

24  stage in the proceedings to refer the action, in whole or in

25  part, to the Voluntary Dispute Resolution Program.

26       XII.  MODIFICATION OF PRETRIAL SCHEDULING ORDER

27       The parties are reminded that pursuant to Rule 16(b) of the

28  Federal Rules of Civil Procedure, the Pretrial Scheduling Order

1   shall not be modified except by leave of court upon a showing of

2   **good cause**.   Agreement by the parties pursuant to stipulation

3   alone to modify the Pretrial Scheduling Order does not constitute

4   good cause.   Except in extraordinary circumstances,

5   unavailability of witnesses or counsel will not constitute good

6   cause.

7         XIII.   OBJECTIONS TO PRETRIAL SCHEDULING ORDER

8         This Pretrial Scheduling Order will become final without

9   further order of the Court unless objections are filed within

10  fourteen (14) days of service of this Order.

11        IT IS SO ORDERED.

12  DATED: May 10, 2022

13

14                                          Troy L. Nunley
                                            United States District Judge
15

16

17

18

19

20

21

22

23

24

25

26

27

28

8