UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KEITH, | Case No. 2:18-cv-02273-DJC-JDP |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| BCSFM, LLC, | |
| Defendant. | |

Ogletree, Deakins, Nash, Smoak & Stewart, P.C., counsel for defendant BCSFM, LLC, move to withdraw as counsel.[1] ECF No. 33. Plaintiff has filed a statement of non-opposition. ECF No. 35. I recommend that the motion be granted.

**Background**

Plaintiff David Keith has sued defendant, a corporation, for wrongful termination. ECF No. 1. Shortly after answering the complaint, defendant's first law firm, Greenberg Traurig, LLP, moved to withdraw because defendant had failed to render payment pursuant to the parties' fee agreement. ECF No. 11. Counsel from Greenberg stated that the firm had provided defendant "multiple notices" that failure to pay outstanding invoices would cause Greenberg to withdraw.

---

[1] The previously assigned district judge referred this motion to the undersigned. ECF No. 36.

*Id.* at 4-5.

In ruling on Greenberg's motion, Judge Nunley found relevant California Rule of Professional Conduct 3-700, which "explicitly allows for withdrawal when a client 'breaches an agreement or obligation to the member as to expenses or fees.'" ECF No. 16 at 2 (quoting Cal. R. Prof. Conduct 3-700(C)(1)(f)). Judge Nunley further found that there was a low risk of prejudice were Greenberg to withdraw, and that Greenberg's motion complied with the court's local rules. ECF No. 16 at 3. The court warned defendant that Local Rule 183(a) prohibits corporations from appearing without counsel and instructed defendant to "acquire new representation and file a notice of appearance by new counsel" within forty-five days. *Id.*

After forty-five days passed without an appearance from new counsel, the court directed plaintiff to file a motion for entry of default. ECF No. 17. Plaintiff did so, and the Clerk of Court entered default. ECF Nos. 20 & 22. Before the court issued a decision on plaintiff's motion, Ogletree appeared for defendant and filed a motion to set aside the Clerk's entry of default. ECF No. 23. Plaintiff did not oppose the motion. ECF No. 25. Judge Nunley granted defendant's motion to set aside default and instructed the parties to file a joint status report. ECF No. 26. Shortly after the parties did so, Ogletree filed the instant motion to withdraw. ECF No. 33.

**Legal Standard**

Pursuant to the court's local rules, "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall form to the requirements of those Rules." E.D. Cal. L.R. 182(d). If withdrawal would leave a client without counsel, an attorney must file a formal motion and provide the client and all other parties with notice of the motion to withdrawal. *Id*. The attorney must also submit an affidavit providing the current or last known address of the client and describing the efforts made to notify the client of the motion to withdraw. *Id.*

The California Rules of Professional Conduct expressly permits an attorney to seek to withdraw from representation when the client "breaches an agreement or obligation to the [attorney] as to expenses or fees." Cal. R. Prof. Conduct 3-700(C)(1)(f); *see Stewart v. Boeing Co.*, No. CV 12-05621 RSWL (AGRx), 2013 WL 3168269, at *2 (C.D. Cal. June 19, 2013)

("The failure of a client to pay attorney's fees provides a sufficient basis on which to grant a request to withdraw from representation."). The decision to grant or deny counsel's motion to withdraw is committed to the district court's discretion. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). "When ruling on motions to withdraw, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Bernstein v. City of Los Angeles*, No. CV 19-03349 PA (GJSx), 2020 WL 4288443, at *1 (C.D. Cal. Feb. 25, 2020) (internal quotation marks and citations omitted).

**Discussion**

Ogletree has shown good cause for withdrawal. As with Greenberg, Ogletree seeks to withdraw because defendant has failed to pay outstanding invoices. ECF No. 33. Ogletree provided the declaration of its attorney Cara Barrick, who attests that defendant signed Ogletree's fee agreement, which outlined the firm's payment requirements and provided that the firm may withdraw from representation if the client fails to timely pay amounts billed. ECF No. 33-1 at 2. Ms. Barrick states that defendant has failed to "pay Ogletree's invoices and has failed to articulate whether and to what extent any payment of the overdue balance may be made at any time." *Id.* She further attests that Ogletree has zealously advocated for defendant's interests. *Id.*

Ogletree states that it has provided defendant multiple notices of its intent to file the instant motion, but defendant has failed to comply with the fee agreement. *Id.* at 2-3. Ogletree served this motion on all parties and three of defendant's known addresses, including defendant's address listed on the Texas Secretary of State's website. *Id.* at 3. Nothing in the record indicates that allowing Ogletree to withdraw will harm the administration of justice, result in further delay of this case, or significantly prejudice plaintiff. Indeed, plaintiff has filed a statement of non-opposition, and there are no pending motions.

Accordingly, it is hereby RECOMMENDED that Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s motion to withdraw as counsel, ECF No. 33, be granted.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 25, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4